IN THE
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| PHILLIP B. FAULCONER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 6:17CV00023 |
| | ) |
| CENTRA HEALTH INC., | ) |
| Serve: Holly B. Trent, Registered Agent | ) |
| 1901 Tate Springs Road | ) |
| Lynchburg, Virginia 24501 | ) |
| (Lynchburg City) | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Phillip B. Faulconer, by counsel, moves for judgment against defendant Centra Health Inc. (hereinafter, "defendant" or the "Centra"), and as grounds therefore states as follows:

### STATEMENT OF THE CASE, JURISDICTION, VENUE, AND PARTIES

(1) This is a suit for retaliation authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, *et seq.*, as amended.

(2) This Court has jurisdiction over the Title VII claim pursuant to 42 U.S.C. §2000e-5(f) and 28 U.S.C. §1343(a)(4).

(3) Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission and the Virginia Council on Human Rights; received a notice of right to sue dated December 28, 2016; and commenced this action within 90 days of receipt thereof.

1

(4)     On information and belief, defendant Centra Health Inc. is a corporation or other business entity doing business in the Western District of Virginia and elsewhere. At all times material hereto defendant is and was a "person" within the meaning of Title VII, Section 701, 42 U.S.C. §2000e(a). At all times material hereto defendant was an "employer" within the meaning of Title VII, Section 701, 42 U.S.C. §2000e(b), that is, at all times material hereto defendant was a person engaged in an industry affecting commerce which had fifteen or more employees for each working day in each of twenty or more calendar weeks during the years of plaintiff's employment or the preceding calendar year.

(5)     Venue properly lies in the Lynchburg division of the western district of Virginia in that all of the discriminatory acts alleged herein occurred in the western district of Virginia.

(6)     Plaintiff at all times material hereto was a resident of the Commonwealth of Virginia and was an "employee" of Centra Health Inc. (plaintiff is not certain of the precise legal name of his employer).

## STATEMENT OF FACTS

(7)     Plaintiff was employed by Centra (or its predecessors) at the Centra Health - Lynchburg General Hospital as a Medical Technologist for nearly 40 years, from approximately 1978 until on or about October 27, 2016 when Centra terminated plaintiff's employment after plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

(8)     Plaintiff was 63 at the time Centra terminated his employment.

(9)     During the time in question, Centra Health frequently tried to get rid of older

workers, including plaintiff. On or about January 6, 2016, when plaintiff was age 62, plaintiff was working in the blood bank on second shift. The shift was short staffed at the time, as usual. During the shift three patients needed blood at one time, one was critical and two were not. Plaintiff followed protocol and all patients received the blood they needed in the order of priority.

(10) Thereafter, defendant's blood bank manager referred to plaintiff as "slow," and defendant's second shift manager wrote plaintiff up and told plaintiff that he was being removed from working in the blood bank and being replaced by two younger employees. Thereafter, plaintiff was in fact removed from the blood bank and replaced by two younger employees.

(11) Plaintiff filed *pro se* a Charge of Discrimination with the EEOC on July 26, 2016 alleging age discrimination and retaliation.

(12) Defendant knew that plaintiff filed the charge of discrimination with the EEOC. On August 22, 2016, the EEOC issued a Notice of Right to Sue and sent a copy to defendant.

(13) On or about October 25, 2016 plaintiff asked his co-worker who was in charge of writing the schedule why he had been scheduled two days in Microbiology instead of one and why other, younger employees had not been placed in Microbiology at all (work in microbiology was extremely dangerous due to the risk of exposure to dangerous bacteria and viruses; at least six (6) employees who worked in the area developed autoimmune diseases). This same co-worker had previously told plaintiff that the older employees at Centra needed retraining. Thereafter, defendant suspended plaintiff's employment the same day. On October 27, 2016 defendant terminated plaintiff's employment claiming that

plaintiff had been threatening, intimidating, and disruptive to the coworker and the second shift supervisor when discussing the work schedule. This, however, was not true.

(14) While plaintiff did not engage in the alleged behavior, other employees who have not filed charges of discrimination with the EEOC have engaged in behavior similar to that ascribed to plaintiff and were not terminated.

(15) Plaintiff was adequately performing at the time of his termination as he had done for the last 38 years.

## **CLAIM FOR RETALIATION**

(16) Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

(17) Defendant discriminated against plaintiff in violation of federal law and retaliated against plaintiff for engaging in protected activity in violation of Title VII of the Civil Rights Act of 1964, as amended.

(18) As a result of defendant's discriminatory acts, plaintiff has suffered and will continue to suffer pecuniary loss, mental anguish, pain and suffering, shame, humiliation, embarrassment, loss of enjoyment of life and other non-pecuniary loss.

(19) Defendant acted willfully toward plaintiff with actual malice or with reckless disregard of the protected rights of plaintiff so as to support an award of liquidated and exemplary damages.

WHEREFORE, plaintiff Phillip B. Faulconer demands judgment against defendant Centra Health Inc. for injunctive and equitable relief, compensatory and punitive damages, together with pre-judgment interest and for costs and attorney's fees to

the extent recoverable by law, and for such other and further relief as may be just and equitable.

Plaintiff demands trial by jury on all issues that may be tried before a jury, including arbitrability of any claim.

                                                Respectfully Submitted,

                                                PHILLIP B. FAULCONER

                                                By: */s/ Terry N. Grimes*
                                                        Of Counsel

Terry N. Grimes, Esquire (VSB No. 24127)
Brittany M. Haddox, Esquire (VSB No. 86416)
TERRY N. GRIMES, ESQ., P.C.
Franklin Commons
320 Elm Avenue, SW
Roanoke, Virginia 24016-4001
(540) 982-3711
(540) 345-6572 *Facsimile*
*tgrimes@terryngrimes.com*
*bhaddox@terryngrimes.com*
        *Counsel for Plaintiff*