CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
5/11/2018
JULIA C. DUDLEY, CLERK
BY: s/ CARMEN AMOS
   DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| PHILLIP B. FAULCONER,<br><br>         *Plaintiff*,<br><br>  v.<br><br>CENTRA HEALTH, INC.,<br><br>         *Defendant.* | CASE NO. 6:17-cv-00023<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

  Title VII forbids employment discrimination because of one's "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2. It also bars discrimination against anyone who opposes a practice made unlawful by, or participates in proceedings under, "this subchapter." *Id*. § 2000e–3(a). "This subchapter" does not include 29 U.S.C. § 623, which is part of the Age Discrimination in Employment Act ("ADEA"). Indeed, the ADEA is located in an entirely different title of the United States Code, forbids only age discrimination, and has its own, independent anti-retaliation provision to protect those who oppose age discrimination. The two statutes' anti-retaliation provisions do not cross-pollinate.

  Plaintiff Phillip Faulconer filed this lawsuit against his former employer, Centra, for a single count of Title VII retaliation. In July 2016, he lodged a charge of discrimination against Centra for age discrimination under the ADEA. In October, Centra fired him for what it claims were inappropriate, hostile confrontations with co-workers. Faulconer's complaint contended that he was actually terminated for making the age discrimination allegation in July. Yet as explained above and below, Title VII does not forbid retaliation for making age discrimination complaints. The ADEA does, but there is no ADEA claim in the case. Since Plaintiff's Title VII claim does not map onto the conduct Title VII prohibits, summary judgment will be granted.

*

At the summary judgment stage, the Court must view the record as a whole, taking the facts and all reasonable inferences in the light favorable to the nonmoving party. *See, e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986); *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). Although the parties dispute certain facts giving rise to the decision to fire Plaintiff, the facts of the case bearing on the legal basis for the Court's decision—*i.e.*, the difference between Title VII retaliation and the ADEA retaliation—are not in dispute.

The history of Plaintiff's EEOC filings is important. In July 2016, Plaintiff filed an EEOC Charge of Discrimination ("the July Charge"). (Dkt. 62-20). The July Charge was based on alleged age discrimination and retaliation that occurred in January 2016. According to the July Charge, Plaintiff was working in the "blood bank" area and prioritized blood for a critical patient over blood for a non-critical patient that had been requested by nurses. Plaintiff later "was disciplined for not providing blood for the non-critical patients when requested, as well as for clerical errors that had been made. [He] was removed from the blood bank and replaced with two younger individuals." (*Id.*). In the July Charge, Plaintiff checked the boxes for "age" and "retaliation" discrimination, and he wrote he believed he "was disciplined and retaliated against because of my age (62), in violation of the Age Discrimination in Employment Act of 1967, as amended." (*Id.*). The July Charge, then, was based solely on an ADEA violation.

On August 22, 2016, the EEOC issued a right to sue letter to Plaintiff regarding the July Charge. (Dkt. 52-6 at ECF 1–3). Plaintiff responded to the EEOC on August 29. (Dkt. 62-22). The overarching focus of the August 29 letter was Plaintiff's disagreement with the EEOC's conclusion that there had been no age discrimination. Additionally, one paragraph implied that Plaintiff's manager Markem Smith once gave Plaintiff a poor evaluation in retaliation for

Plaintiff's report to human resources that Smith had inappropriately hugged female coworkers and touched one woman's hair. (*Id*.). In any event, Plaintiff did not pursue the age discrimination claims underlying the July Charge.

* *

In October 2016, Centra terminated Plaintiff for behavior it deemed "threatening, intimidating, and disruptive" toward coworkers during three separate but related incidents. (Dkt. 52-6 at ECF 27). The controversy began when Plaintiff was displeased with being assigned to the same medical department two days in a row. According to Centra, Plaintiff (1) aggressively confronted the schedule-maker, invading her personal space in a demonstrative, hostile manner; (2) followed the schedule-maker into a manager's office and continued to act in an intimidating fashion, and; (3) during a follow-up meeting with the manager and an HR officer, invaded the manager's personal space, despite requests from the HR officer to stop. According to Plaintiff, (1) it was the schedule-maker, not himself, who became agitated when he broached the scheduling issue with her; (2) he remained calm and at a safe distance during the meeting between the schedule-maker and the manager, and; (3) his actions toward the manager at the last meeting were meant only to illustrate his confusion about the definition of "personal space" and demonstrate how the manager allegedly had herself violated Plaintiff's personal space before.

In December 2016, Plaintiff filed the Charge of Discrimination underlying this case (the "December Charge"). (Dkt. 62-27). The December Charge contended that the schedule-maker, rather than Plaintiff, acted in a threatening manner and that Centra's assertion that Plaintiff acted inappropriately was "an excuse to have [Plaintiff] suspended and to terminate [his] employment *in retaliation for previously filing a Charge of Discrimination with the EEOC*," *i.e.*, the July Charge. (*Id*. (emphasis added)). The December Charge stated Plaintiff believed he "was

suspended and discharged in retaliation for engaging in protected activity, and because of my sex (Male), in violation of [Title VII], and age (63) in violation of the Age Discrimination in Employment Act." (*Id.* at ECF 2). Plaintiff checked the relevant boxes for "age," "sex," and "retaliation" discrimination. (*Id.* at 1). The EEOC issued a right to sue letter later in December. (Dkt. 52-7 at ECF 11–13). He then filed this lawsuit.

The operative amended complaint contains a claim only for retaliation under Title VII. (Dkt. 17 ¶¶ 1–2, 4, 17). It alleged Plaintiff was 63 when he was fired. It recounted the "blood bank" incident allegedly attributed to age discrimination and which underpinned the July Charge. (*Id.* ¶¶ 8–11). It further alleged that Centra "knew that plaintiff filed the charge of discrimination with the EEOC." (*Id.* ¶ 12). And finally, the complaint mentioned the encounter with the schedule-maker and Centra's reasons for Plaintiff's termination, which he disputed as untrue. (*Id.* ¶ 13).

*    *    *

Centra argues that jurisdiction is lacking because Plaintiff failed to exhaust his administrative remedies. Its key point is that the July Charge—*i.e.*, the one that allegedly triggered Plaintiff's retaliatory firing, according to his December Charge and his complaint—had nothing to do with Title VII: It was an ADEA charge of discrimination. The issue, though, is less a matter of exhaustion than of a statutory mismatch. The Fourth Circuit has repeatedly said that a plaintiff may raise a retaliation claim for the first time in federal court, as long as the claim is reasonably related to a prior charge. *Hentosh v. Old Dominion Univ.*, 767 F.3d 413, 416–17 (4th Cir. 2014); *Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 302 (4th Cir. 2009); *Nealon v. Stone*, 958 F.2d 584, 590 (4th Cir. 1992); *Mezu v. Morgan State Univ.*, 367 F. App'x 385, 389 (4th Cir. 2010); *Lauer v. Schewel Furniture Co.*, 84 F. App'x 323, 328 (4th Cir. 2004); *see*, *e.g.*, *Johnson*

*v. Portfolio Recovery Assocs., LLC*, 682 F. Supp. 2d 560, 573 (E.D. Va. 2009) (surveying circuit precedent). This rule applies even when the retaliatory termination took place, as here, after the EEOC's investigation into the underlying charge concluded. *Jones*, 551 F.3d at 302–03.

Plaintiff's lawsuit reasonably relates to his July Charge: That Centra fired him for filing the July Charge is the theory of the case, according to both the complaint and the December Charge. The problem, which is one of statutory substance rather than procedural exhaustion, is that a Title VII retaliation claim cannot have an age discrimination charge as its predicate protected activity. As explained at the outset of this opinion, the two statutes protect different traits, and their respective anti-retaliation provisions mirror those differences. "Title VII and ADEA claims arise from completely distinct statutory schemes." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996). As such, each statute's anti-retaliation provision protects conduct related to its own scope, not that of the other.

"Congress chose not to include age within discrimination forbidden by Title VII." *Gen. Dynamics Land Sys., Inc. v. Cline*, 540 U.S. 581, 586 (2004); *see Kremer v. Chemical Const. Corp.*, 456 U.S. 461, 465 n.4 (1982) (noting that "age discrimination . . . is not covered by Title VII"). "Title VII and the ADEA do not provide overlapping remedies against age discrimination," as "the statutes were enacted for different purposes." *Grant v. City of N. Charleston Hous. Auth.*, No. CIVA 2:06-3242-CWH, 2008 WL 4372980, at *3–4 (D.S.C. Sept. 22, 2008), *aff'd*, 365 F. App'x 460 (4th Cir. 2010). Here, "plaintiff's claim is not cognizable under Title VII, because Title VII does not forbid employment discrimination based on an individual's age or provide a remedy for such discrimination. Instead, the plaintiff's claim should have been brought pursuant to the ADEA, which has a retaliation provision that prohibits the alleged behavior"—*e.g.*, firing an employee for opposing age discrimination. *Id.* at *4.

Numerous courts have reached this conclusion when a plaintiff tries to advance a Title VII retaliation claim based on an employer's adverse response to his ADEA-protected conduct. *E.g.*, *Lennon v. Rubin*, 166 F.3d 6, 8 (1st Cir. 1999) (rejecting "challenge to the district court's dismissal of [plaintiff's] Title VII claims for retaliation based on age discrimination complaints," as the argument "founders on the plain language of the statute"); *Bornholdt v. Brady*, 869 F.2d 57, 62 (2d Cir. 1989) (observing as to retaliation claim that "Title VII plainly does not apply, since that statute governs complaints relating only to discrimination on the basis of race, color, religion, sex, or national origin, and not discrimination on the basis of age"); *Triola v. ASRC Mgmt. Servs.*, 487 F. App'x 611, 613 (2d Cir. 2012) ("Triola's retaliation claim based on his prior age discrimination complaint was not cognizable under Title VII."); *Piper v. Veneman*, 183 F. App'x 407, 408 n.2 (5th Cir. 2006); *Cyr v. Perry*, 301 F. Supp. 2d 527, 535 (E.D. Va. 2004) ("Title VII does not expressly authorize retaliation claims in response to protected activity opposing age discrimination because it only makes it unlawful for an employer to discriminate against an employee because he has opposed any practice made an unlawful employment practice *by this subchapter* . . . [T]here is no authority that supports the claim that plaintiff may pursue an age discrimination claim under Title VII; clearly plaintiff cannot do so.") (emphasis in original).[1]

Throughout this litigation, Plaintiff premised his Title VII retaliation claim on his July

---

[1] *See also Grey v. City of Norwalk Bd. of Educ.*, 304 F. Supp. 2d 314, 322 (D. Conn. 2004); *Maynard v. St. Stephen's Reformed Episcopal Church*, No. CV WMN-15-3532, 2017 WL 2865014, at *10 n.9 (D. Md. July 5, 2017); *Wanke v. Job Serv. N. Dakota*, No. 2:08-CV-94, 2009 WL 1259212, at *2 (D.N.D. May 1, 2009); *Payne v. McHugh*, No. CIV. A. 5:07-CV-162-, 2010 WL 2038963, at *3 (E.D. Tex. May 20, 2010); *Roberts v. Onslow Cty. Bd. of Educ.*, No. 7:13-CV-39-FL, 2014 WL 5781490, at *4 (E.D.N.C. Aug. 28, 2014); *Bell v. Rinchem Co., Inc.*, No. CV 4:14-40177-TSH, 2014 WL 11290899, at *11 (D. Mass. Dec. 2, 2014); *Witmer v. Arthur J. Gallagher & Co.*, No. CIV.A 1:08-CV-1329, 2009 WL 904877, at *3–4 (M.D. Pa. Mar. 31, 2009).

ADEA Charge. The claim thus cannot succeed. To avoid this result, Plaintiff cited on brief and especially at oral argument to his August 29 letter to the EEOC. (Dkt. 62 at 11 (citing dkt. 62-22)). Recall that in the letter (sent after the EEOC issued a right-to-sue letter stemming from the July Charge), Plaintiff complained in passing about Markem Smith's alleged inappropriate contact with female employees. Plaintiff now asserts that that August 29 letter, which conveyed an arguable Title VII violation by a supervisor, was the catalyst of his retaliatory termination.

Reliance on the August 29 letter falls short for several reasons. First, there is nothing in the complaint to support Plaintiff's newfound approach. Nowhere does the complaint mention Smith's alleged sexual harassment. And nowhere does it mention an effort by Plaintiff to report Smith's actions, either by the August 29 letter or some other means. Instead, the sole theory of the complaint is a Title VII retaliation claim based on the July ADEA charge of discrimination. Indeed, basing a retaliation claim on the July Charge rather than the August 29 letter was a natural (if ultimately flawed) choice, given that private letters to the EEOC are generally thought insufficient to put an employer on notice. *See Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 408 (4th Cir. 2013). Second, Smith was not involved in the three incidents in October 2016 that culminated in Plaintiff's firing, and he did not make the decision to fire Plaintiff. Third, Plaintiff has not directed the Court to any evidence that the individuals who did fire him (the manager and HR officer with whom he had the third meeting) considered Plaintiff's accusations against Smith in their decision, and courts needn't comb the record for a party in search of evidence to defeat summary judgment. *See*, *e.g.*, *Muhammad v. Giant Food Inc.*, 108 F. App'x 757, 764 (4th Cir. 2004) (citing *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001)); *Contech Stormwater Sols., Inc. v. Baysaver Techs., Inc.*, 534 F. Supp. 2d 616, 626 (D. Md. 2008) (explaining that a "district court need not scour the record to make the case" for a

party), *aff'd*, 310 F. App'x 404 (Fed. Cir. 2009).

\* \* \* \*

The parties devote extensive attention to other issues, mainly whether the reason given for Plaintiff's termination (his asserted hostile and aggressive actions towards coworkers) was pretext. The Court need not reach those matters in light of the foregoing. For the above reasons, Centra's motion for summary judgment will be granted.

Entered this  11th  day of May, 2018.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE