CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
6/1/2020
JULIA C. DUDLEY, CLERK
BY: s/ CARMEN AMOS
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| PHILLIP B. FAULCONER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 6:17–cv–00023 |
| CENTRA HEALTH INC., | ) |
| Defendant. | ) |

## REPORT & RECOMMENDATION

Defendant seeks an award of costs under Fed.R.Civ.P. 54 after the Fourth Circuit affirmed the district court's summary judgment decision dismissing this action. Dkt. 90. I **RECOMMEND GRANTING, in part, and DENYING, in part,** Defendant's motion and taxing costs against Plaintiff in the amount of $3,378.11.

## STANDARD OF REVIEW

A presumption exists under Rule 54 that a prevailing party may recover costs, other than attorneys' fees, unless a federal statute, the Federal Rules of Civil Procedure, or a court provides otherwise. See Fed. R. Civ. Pro. 54(d)(1); Cherry v. Champion Int'l Corp., 186 F.3d 442, 446 (4th Cir. 1999).

The costs recoverable under Rule 54 are set forth in 28 U.S.C. § 1920 which provides as follows:

1. Fees of the clerk and marshal;
2. Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
3. Fees and disbursements for printing and witnesses;
4. Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
5. Docket fees under section 1923 of this title; and

6. Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

## ANALYSIS

**Timeliness and Procedural History**

Defendant filed its bill for costs 23 months after the district court granted its motion for summary judgment and dismissed this action, but only 14 days after the Fourth Circuit dismissed Plaintiff's appeal. Rule 54 does not provide a time in which a prevailing party must file its motion for costs. See White v. New Hampshire Dep't of Employment Sec., 455 U.S. 445, 454 n.17 (1982) (noting how Rule 54(d) specifies no time barrier for motions for costs). Rather, in the absence of a local rule, the courts are guided by a rule of reasonableness to determine whether a motion for costs is timely. See, e.g., S.A. Healy Co. v. Milwaukee Metro. Sewerage Dist., 60 F.3d 305, 308–309 (7th Cir.1995).[1] Plaintiff promptly filed its bill of costs after the Fourth Circuit dismissed Plaintiff's appeal. This is not an unreasonable delay as courts have uniformly found that costs requests submitted a reasonable time after an appeal are recoverable. See Lucas v. Shively, 7:13CV00055, 2015 WL 2092668, at *3 (W.D. Va. May 5, 2015) (bill of costs filed eight months after a grant of summary judgment and thirty days after the Fourth Circuit affirmed is not unreasonable); Walker v. Mod–U–Kraf Homes, LLC, No. 7:12cv00470, 2014 WL 2450118, at *2 (W.D. Va. May 30, 2014) (four month delay between grant of summary judgment motion and filing of bill of costs not unreasonable).

Courts outside the Fourth Circuit have similarly held that, in the absence of a local rule setting an earlier deadline, a prevailing party may wait until after the resolution of an appeal to

---

[1] Plaintiff's reliance on Person v. Omni Internat'l Hotel–Norfolk, 106 F.R.D. 7 (E.D.Va.1984), is misplaced. In Pearson, the court held as untimely a motion to modify the costs taxed filed more than six weeks after the clerk determined the amount taxed. Here, Defendant's first request for an award of costs came two weeks after the Fourth Circuit mandate and the clerk has not already determined the amount taxed.

2

file its bill of costs. See, e.g., Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co., 854 F.2d 219, 221 (7th Cir. 1988) (noting "where no local rule sets a time limit for filing a bill of costs, Rule 54(d)—which does not include any specific time limit—allows a prevailing party to wait until after appeal to file its bill"); Power–One, Inc. v. Artesyn Technologies, Inc., No. 2:05cv463, 2008 WL 4065871, at *2 (E.D.Tex. Aug. 27, 2008) ("Rule 54(d) sets out no specific time limit for filing a bill of costs, effectively allowing a party to wait until after appeal."); Earnest v. Bd. of Educ. of Jasper Cty. Cmty. Unit Sch. Dist. No.1, No. 17–CV–1380–JPG–GCS, 2019 WL 2338508, at *1 (S.D. Ill. June 3, 2019) ("Where there is no deadline, it is well–established that a party may wait until after an appeal to file a bill of costs.").

Accordingly, I find that Defendant's motion for costs is timely filed.

**Expenses for Deposition Transcripts, Hearing Transcripts, and Medical Record Subpoenas**

Defendant claims as costs $3,378.11 for the expenses it incurred for deposition transcripts and subpoenas issued for medical records. Counsel for Defendant affirmed in the Motion for Bill of Costs that its itemization of the costs sought was "correct and necessarily incurred in this case." Defendant did not provide the invoices for the transcript and subpoena costs until filing its reply memorandum. See Dkt. 93. Plaintiff contends that Defendant did not sufficiently document the costs incurred with invoices or provide checks to show that the amounts were actually paid.

Deposition transcripts are generally recoverable if the deposition was "reasonably necessary at the time of its taking." La Vay Corp. v. Dominion Fed. Sav. & Loan Ass'n, 830 F.2d 522, 528 (4th Cir. 1987). Defendant issued subpoenas for medical records because Plaintiff sought as damages reimbursement for the medical treatment and expenses he alleged were related to the claims asserted in the case. These subpoenas are taxable costs. See Ham v. McFadden, No. 4:15–CV–00372–RBH, 2016 WL 7034058, at *3 (D.S.C. Dec. 2, 2016) (prevailing defendant may

3

recover under 28 U.S.C. § 1920 fees incurred in obtaining medical records where plaintiff claimed to have suffered medical and/or emotional injuries).

Defendant has properly certified as required by § 1924 that the costs sought were necessarily incurred in this litigation. Plaintiff has not asserted that the costs for deposition transcripts or subpoenas were not part of the litigation. Rather, Plaintiff contends that Defendant's failure in the first instance to include the invoices when it itemized the costs sought prevents this court from awarding those costs now. Certainly, the better practice is to include all documentation to itemize a bill of costs on the initial filing. Here, however, Defendant provided the invoices in its reply brief and certified that the costs were incurred in connection with this litigation. The district court then granted Plaintiff's request to submit a sur-reply brief to address any new arguments or evidence Defendant made in its reply – including a challenge to the costs supported by the invoice provided. The court has the discretion to award costs where supplemental affidavits support the amount sought. See Centennial Broad., LLC v. Burns, No. CIV.A. 6:06CV006, 2007 WL 1839736, at *1 (W.D. Va. June 22, 2007) (granting costs after prevailing party supplemented its initial bill of costs with additional affidavits).

I place no value in Plaintiff's argument that Defendant failed to establish that it actually incurred the costs where Defendant provided invoices without also submitting cancelled checks or other records to establish it actually paid the amount charged. Plaintiff cites no authority in support of his position. Further, courts in this district have awarded costs where, as in this case, counsel has certified that the costs were actually incurred and necessarily related to this case and provided supporting documentation. See J & J Sports Prods., Inc. v. Mumford, No. CIV.A. DKC 10–2967, 2013 WL 210623, at *2 (D. Md. Jan. 17, 2013)(expenses were reimbursable where counsel affirmed that costs were actually incurred in litigating the case and attached supporting

4

invoice); Niagara Transformer Corp. v. Baldwin Techs., Inc., No. CIV.A. DKC 11–3415, 2013 WL 4442042, at *4 (D. Md. Aug. 15, 2013)(awarding costs where counsel represented that the costs were actually incurred and provided a detailed itemization of the expenses). Here, Defendant attested that these costs were "necessarily incurred in this case" (Dkt. 90 at p. 1), included invoices for all deposition and subpoena expenses (Dkt. 93–1), and provided a detailed itemization of the expenses (Dkt. 90–2 at p. 2). Therefore, Defendant has sufficiently demonstrated that it actually incurred these expenses, and I **RECOMMEND** taxing $ 3,378.11 in transcript and subpoena costs.

### Printing and Copying Charges

Defendant seeks $2,435.20 in color printing and copying costs and $501.13 in black and white printing and copying costs. Dkt. 90–2 at p. 2. Defendant has provided a chart of printing fees that total the amounts sought. Dkt. 93–2 at pp. 3–21.

The costs of printing copies of documents are reimbursable when they are "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). This includes discovery–related costs and is not limited to "materials attached to dispositive motions or produced at trial." Country Vintner of N.C., LLC v. E. & J. Gallo Winery, Inc., 718 F.3d 249, 257 (4th Cir. 2013). While taxable expenses include copies "submitted to the court and provided to opposing counsel," copies made for a party's own convenience are not allowed. Webb v. Kroger Ltd. P'ship I, No. 7:16–CV–00036, 2017 WL 2651721, at *5 (W.D. Va. June 19, 2017); Kennedy v. Joy Techs., Inc., 484 F. Supp. 2d 502, 505 (W.D. Va. 2007). The burden is on the party seeking recovery of photocopying costs to demonstrate the reasons for each copying charge. Ford v. Zalco Realty, Inc., 708 F. Supp. 2d 558, 563 (E.D. Va. 2010).

5

Here, Defendant did not explain the specific purpose for which it made any copies and likewise makes no effort to justify its substantial use of color printing. See McAirlaids, Inc. v. Kimberly-Clark Corp., No. 7:12CV578, 2014 WL 495748, at *12 (W.D. Va. Feb. 6, 2014) (finding "no reason that color versions" of documents were "necessarily obtained for use in this case"). Courts in this circuit have declined to tax printing and copying costs made for a party's convenience rather than necessity,[2] costs associated with printing copies of documents filed by or received directly from the opposing party and the court,[3] and costs where the prevailing party has not explained their use or purpose.[4] I conclude that Defendant has failed to meet its burden and **RECOMMEND DENYING** Defendant's printing and copying charges as taxable under 28 U.S.C. § 1920.

## CONCLUSION

For the reasons stated, I **RECOMMEND GRANTING in part, and DENYING, in part,** Defendant's Motion for Bill of Costs and taxing as costs $3,378.11.

The Clerk is directed to transmit the record in this case to Judge Norman Moon, Senior United States District Judge, and to provide copies of this Report and Recommendation to counsel of record. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by me that is not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections

---

[2] Concordia Pharm., Inc. v. Method Pharm., LLC, No. 3:14CV00016, 2017 WL 3084906, at *2 (W.D. Va. July 19, 2017).
[3] McKinley v. Salvation Army, No. 7:15CV00166, 2017 WL 2799889 (W.D. Va. June 27, 2017).
[4] Firehouse Rest. Grp., Inc. v. Scurmont LLC, No. 4:09–CV–00618–RBH, 2011 WL 4943889, at *18 (D.S.C. Oct. 17, 2011).

pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusion reached by me may be construed by any reviewing court as a waiver of such objection.

                                        Entered: June 1, 2020

                                        *Robert S. Ballou*

                                        Robert S. Ballou
                                        United States Magistrate Judge